FILED.
SUPERIOR COURT
OF GUAM

2022 JAN 19 PM 5: 24

CLERK OF COURT

BY:

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| IN THE MATTER OF THE ESTATE OF<br><br>JOSEFINA CRUZ CRUZ<br><br>Deceased,<br><br>vs.<br><br>RUDY J. CRUZ,<br><br>Sole Executor. | Case No. PR0038-18<br><br>**DECISION AND ORDER**<br>**(Petition for Permission to List Estate**<br>**Property)** |

## INTRODUCTION

This matter came before the Honorable Alberto E. Tolentino on December 9, 2021, for a hearing on Rudy J. Cruz's ("Sole Executor") Petition for Permission to List Estate Property, filed on June 24, 2021. Attorney Louie Yanza appeared for Marcia Cruz ("Main Heir"). Attorney Gary Gumataotao appeared for Sole Executor. Having considered the arguments and the applicable law, the Court hereby **GRANTS** Sole Executor's Petition for Permission to List Estate Property.

## BACKGROUND

On June 24, 2021, Sole Executor filed a Petition for Permission to List Estate Property ("Petition"). Petition for Permission to List Estate Property (hereinafter "Petition"), June 24, 2021. Main Heir filed an objection. Marcia June Cruz's Objection to Petition for Permission to List Estate Property (hereinafter "Main Heir's Objection"), July 26, 2021. Sole Executor

Page **1** of **3**

filed a reply. Reply to Opp'n., Aug. 30, 2021. Along with the reply, Main Heir filed emails from heirs Norma Cruz Mangola and Frank A. Cruz ("Objecting Heirs") voicing their objections to the Petition. Notice of Objection, Aug. 30, 2021. The Court held a hearing on December 9, 2021, and took the parties' arguments under advisement. Minute Entry, Dec. 9, 2021. The Court exercises its discretion and has determined that oral arguments on this petition are not necessary pursuant to CVR 7.1(e)(1).

## DISCUSSION

Title 15 GCA § 2325(a) authorizes executors and administrators to engage in a contract with a bona fide agent or broker to sell real property with the permission of the Superior Court of Guam. Sole Executor has requested permission under this statute to list and market Lot 2176-3-10 and Lot 2176-3-11 of, the subject Estate. Petition at 1. Sole Executioner argues if the Court distributes the real property without liquidation, the maintenance of the property will be "complicated and unwieldly," especially because the heirs are tenants in common. Reply to Opp'n. at 1. Sole Executor also argues that "[l]isting is an effective way to obtain an accurate value in the current market at absolutely no cost to Estate." Reply to Opp'n. at 2. The Main Heir and Objecting Heirs assert that "[t]he Happy Mart property is earning revenue and will continue to earn revenue for their heirs once distributed to all the heirs." Main Heir's Objection at 1. They also argue that Sole Executor did not inform them of his intention to file this petition, nor did he ask if they had interest in selling the real property. *Id.*

The Court appreciates the Main Heir and Objecting Heirs' desire not to sell the real property. However, the Court reminds the Heirs that the Court must approve any sale of the Estate's real property. Once there is an offer from a potential purchaser, the Court will entertain any concerns the heirs have about that particular offer and potential sale of the real property at that time. The Court agrees with Sole Executor that listing the property is an

effective way to obtain an accurate valuation of the property. Additionally, listing the property does not obligate the Estate to sell the real property. Sole Executor will not sell Lot 2176-3-10 and Lot 2176-3-11 without the Court's approval. The Main Heir and Objecting Heirs do not cite any legal grounds for denying Sole Executor 's Petition, and the Court finds none. Title 15 GCA § 2325(a) gives Sole Executor the ability to list the property with the Court's permission. Absent any other statute or case law, the Court finds no reason to deny Sole Executor's Petition.

## CONCLUSION AND ORDER

For the above reasons, the Court **GRANTS** Sole Executor's Petition for Permission to List Estate Property and **PERMITS** the engagement of a licensed professional realtor/broker, for the term permitted by law, to represent the Estate property to locate a purchaser of one or more parcels so such may be sold under the supervision of the Court. Any and all contracts for the sale/purchase of any Estate real property shall be subject to written Order of the Court.

SO ORDERED, this ___19th___ day of ___January___ 2022.



HONORABLE ALBERTO E. TOLENTINO
Judge, Superior Court of Guam